UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ELEVANCE HEALTH, INC., ET AL.,**

    Plaintiffs,

v.                                                                                          No. 4:24-cv-01064-P

**DOROTHY FINK, IN HER OFFICIAL CAPACITY AS ACTING SECRETARY OF HEALTH AND HUMAN SERVICES, ET AL.,**

    Defendants.

## STIPULATED HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT PROTECTIVE ORDER

**Proceedings and Information Governed.**

1. This Order ("Protective Order") governs the unsuppressed case-mix adjustment data for Plaintiff Elevance Health, Inc.'s contracts at issue in this litigation ("the Data"). Defendants have agreed to provide to Data to Elevance subject to this Protective Order. The parties agree that the Data (as well as any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing the Data) is designated as "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order.

**Designation and Maintenance of Information.**

2. For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation means that the Data contains information that the parties agree is especially sensitive; namely, information obtained from surveys of beneficiaries about their satisfaction with their insurance plan that includes, among other things, demographic information about the beneficiary and information regarding the beneficiary's health and mental health condition. These surveys are

conducted with a promise of anonymity to the individuals responding to questions, and disclosing that survey data to an insurance plan could allow the insurance plan to identify the beneficiaries who participated in the surveys.

3. When providing the Data to opposing counsel, Defendants will designate the Data as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

> **CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION**
>
> **SUBJECT TO PROTECTIVE ORDER**

**Disclosure and Use of Confidential Attorney Eyes Only Information.**

4. Information designated as Confidential Attorney Eyes Only Information may only be used for purposes of preparation, hearing, trial, and appeal of this action. Confidential Attorney Eyes Only Information may not be used under any circumstances for any other purpose.

5. Confidential Attorney Eyes Only Information may be disclosed by outside counsel for the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order and that they sign the Confidentiality Agreement for Expert, Consultant or Employees of Any Party attached here as Exhibit A: (a) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (b) consulting or testifying experts retained by counsel for purposes of this litigation; and (c) those individuals designated in paragraph 8(c).  The disclosing outside counsel shall maintain a copy of the signed Confidentiality Agreement for the duration of this action, but shall be under no obligation to share a copy of such signed Confidentiality Agreement with Defendants' counsel, unless there is an unauthorized disclosure of information protected by this Protective Order.

6. Further, before disclosing Confidential Attorney Eyes Only Information to a receiving party who would require approval from Defendants under paragraph 8(c) to receive such information (as opposed to any other individual identified in paragraph 5), the receiving party must provide to counsel of record for Defendants a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed person. Defendants will thereafter have ten business days from receipt of the Confidentiality Agreement and related materials to object to that proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any such proposed individual during the ten-business-day objection period, unless that period is waived by Defendants, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

7. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement for Third-Party Vendors in the form attached as Exhibit B, but shall be under no obligation to share a copy of such signed Confidentiality Agreement with Defendants' counsel, unless there is an unauthorized disclosure of information protected by this Protective Order.

8. Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the entity for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the person is a director or officer of CMS; or

(c) counsel for CMS agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and/or persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Attorney Eyes Only Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

### Filing Documents With the Court.

9. Documents designated as Confidential Attorney Eyes Only Information may be filed with the court only under seal. If sealed documents are filed with the Court in hard copy, they must be in a sealed envelope bearing the caption of this action and a notice in the form below. If sealed records are filed with the Court on an electronic device (such as a hard drive or USB card), the device must be in a sealed envelope bearing the caption of this action and a notice in the form below and the device itself must also be labeled with a notice in the form below:

> **CONFIDENTIAL INFORMATION**
>
> *Elevance Health, Inc. v. Becerra*, No. 4:24-cv-01064
> **This information, which is being filed under seal, contains data that is subject to a Protective Order governing the use of this confidential data.**

### No Prejudice.

10. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Attorney Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to

apply to the presiding judge for a protective order; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

### Conclusion of Litigation.

11. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement Protective Order, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to Defendants all materials and documents containing Confidential Attorney Eyes Only Information, and upon the written request of Defendants to certify to Defendants that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, hearing or trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

### Remedies.

12. The parties agree that this Protective Order shall be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

**SO ORDERED** on this **4th day of February 2025.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ELEVANCE HEALTH, INC.; COMMUNITY INSURANCE COMPANY; FREEDOM HEALTH, INC.; GROUP RETIREE HEALTH SOLUTIONS, INC.; WELLPOINT INSURANCE COMPANY; and WELLPOINT TEXAS, INC., <br><br>   Plaintiffs, <br><br> v. <br><br> DOROTHY FINK, in her official capacity as Acting Secretary of Health and Human Services; and JEFF WU, in his official capacity as Acting Administrator, Centers for Medicare and Medicaid Services, <br><br>   Defendants. | Civil Action No. 4:24-cv-01064-P |

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT, OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

Information designated as "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order, except for purposes of the above-captioned

litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Attorney Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

> _____
> Signed
>
> _____
> Printed Name
>
> _____
> Date

## Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ELEVANCE HEALTH, INC.; COMMUNITY INSURANCE COMPANY; FREEDOM HEALTH, INC.; GROUP RETIREE HEALTH SOLUTIONS, INC.; WELLPOINT INSURANCE COMPANY; and WELLPOINT TEXAS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DOROTHY FINK, in her official capacity as Acting Secretary of Health and Human Services; and JEFF WU, in his official capacity as Acting Administrator, Centers for Medicare and Medicaid Services, <br><br> Defendants. | Civil Action No. 4:24-cv-01064-P |

## **CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information designated as Confidential Attorney Eyes Only Information, as defined in the Protective Order entered in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

2

I agree not to use any Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

_____
Signed

_____
Printed Name

_____
Date